# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TRASHAWN OLIVER-THOMAS,**

      **Plaintiff,**

 v.                                **Case No. 26-CV-406**

**OFFICER MERCER,** *et al.*,

      **Defendants.**

---

## ORDER

---

Plaintiff Trashawn Oliver-Thomas, who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Oliver-Thomas also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) This order resolves that motion and screens the complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

On March 12, 2026, Oliver-Thomas filed a motion to proceed without prepayment of the filing fee (*in forma pauperis*). (ECF No. 2.) However, on May 8, 2026, Oliver-Thomas paid the full $405.00 filing fee. As such, the court denies his motion as moot.

*Federal Screening Standard*

While Oliver-Thomas is not proceeding *in forma pauperis* because he paid the full filing fee, district courts are permitted to screen every complaint, regardless of a plaintiff's fee status. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Oliver-Thomas's Allegations*

Oliver-Thomas alleges that on March 28, 2025, he suffered a stroke while he was incarcerated at the Waukesha County Jail. (ECF No. 1 at 2.) As he was

experiencing the stroke, he states that he alerted defendant Lieutenant Adams but did not receive medical care. (*Id.*) Oliver-Thomas became unresponsive and then comatose, waking up "blind, deaf, brain-damaged." (*Id.*) He alleges that the defendants gave him "zero medical treatment" and covered up the fact that he had a stroke.

*Analysis*

Oliver-Thomas claims that the defendants did not provide him medical care during and after his stroke. It is unclear from the complaint whether Oliver-Thomas was a pretrial detainee at the time. If he was a pretrial detainee, his rights arise out of the Fourteenth Amendment's Due Process Clause; if he was a convicted prisoner, his rights arise out of the Eighth Amendment. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018) (explaining that an objective reasonableness standard applies to claims brought by pretrial detainees while a deliberate indifference standard applies to claims brought by prisoners). The court will analyze his claim under the more stringent Eighth Amendment standard.

A plaintiff must demonstrate four elements to establish a deliberate indifference claim under the Eighth Amendment. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023). First, "there must be a risk of harm to the plaintiff that is so objectively serious as to be 'excessive' (and that risk must in fact materialize)." *Id.* Second, "the defendant must 'know' of the risk (put differently, he must possess subjective awareness that the risk exists)." *Id.* Third, "the defendant's response to the risk must be so inadequate as to constitute 'disregard' of (or deliberate

3

indifference toward) the risk." *Id.* Finally, "the plaintiff must prove that the defendant's deliberate indifference actually *caused* his injury." *Id.* (citing *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)).

While Oliver-Thomas's complaint is barebones, it states a claim upon which relief may be granted. He alleges he suffered from an objectively serious medical condition, the defendants knew about it, and they did nothing. As a result, he woke up from the stroke with severe disabilities.

### CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Oliver-Thomas's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint (ECF No. 1) and this order upon defendants Officer Mercer, Officer Jamie, and Lt. Adams pursuant to Federal Rule of Civil Procedure 4. Oliver-Thomas is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Oliver-Thomas information on how to remit payment. The court is not involved in collection of the fee.

4

**IT IS ALSO ORDERED** that the defendants must answer the complaint within 60 days of service.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until the court issues a scheduling order.

Oliver-Thomas is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Oliver-Thomas is reminded that it is his responsibility to promptly notify the court his address changes. Oliver-Thomas's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 17th day of June, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

5